No. 24497.

THE PEOPLE OF THE STATE OF COLORADO, EX REL THE AT-
TORNEY GENERAL OF THE STATE OF COLORADO *v.*
HAROLD FITKIN.
(461 P.2d 436)

Decided November 24, 1969.

Duke W. Dunbar, Attorney General, John P. Moore, Assistant, L. James Arthur, Assistant, for relator.

No appearance for respondent.

## REPORT OF REFEREE

On April 8, 1969, a complaint was filed by the Attorney General in the office of the Clerk of this court in which it was alleged that one Harold Fitkin at the time and. in the particulars mentioned therein had engaged in the practice of law in the State of Colorado; and that he "* * * had not been, nor is he now licensed by this court to advertise, represent, or hold himself out in any manner as an attorney, attorney at law, or counselor at law." The complaint sought issuance of a citation directed to Fitkin to show cause why he should not be held in contempt. Citation issued; Fitkin filed an answer; and thereupon this court appointed the undersigned as referee to conduct a hearing and make findings and report to the court.

Upon notice to Fitkin a hearing was set for June 24, 1969, and witnesses appeared in response to subpoenas duly served upon them. Fitkin the respondent failed to appear, and thereupon evidence was taken concerning the services rendered, the fees charged, and the representations made by him.

A bench warrant was issued for the arrest of Fitkin and in due time it was served upon him. He was taken before the Supreme Court of Colorado and the court ordered the hearing before the undersigned to proceed. July 9, 1969 was set for further proceedings. On that date Fitkin appeared and gave testimony in the course of which he admitted entering his appearance as the attorney for litigants in courts of record in this state. The purport of his statement was to the effect that he in good faith believed it was proper for him to act as counsel. in the particulars mentioned in the complaint filed by the Attorney General for the reason that he was an attorney

licensed to practice law in the State of Ohio. His defense was that he attempted to comply with C.R.S. 1963, 12-1-18, which provides that:

"Whenever any counselor at law residing in any of the adjacent states or territories may have any business in any of the courts of this state, he may be admitted, on motion, for the purpose of transacting such business, and none other."

At the time Fitkin accepted the legal employment disclosed by the evidence in this case he was not a resident of the state in which he was authorized to practice law, but was a resident of the State of Colorado. By his own admission, made at the two separate hearings at which he appeared, it is clearly established that for a substantial period of time he engaged in the practice of law in the State of Colorado without having a license from the Supreme Court so to do, in violation of the provisions of C.R.S. 1963, 12-1-17.

It is the recommendation of the undersigned referee that Mr. Fitkin be adjudged guilty of contempt of the Supreme Court of Colorado; that he be sentenced to a term of thirty days in the county jail of the City and County of Denver, said sentence, however, to be suspended until the further order of this court, and on condition that he refrain from in any manner engaging in the practice of law in this state, that he pay a fine in the amount of one hundred dollars ($100) into the registry of this court, together with the costs incurred in this proceeding in the amount of $560.60, said fine and costs to be paid within thirty days.

Dated November 4, 1969.

O. OTTO MOORE
Referee

*Per Curiam*

On this 24th day of November, 1969, the Court, sitting En Banc approves and adopts the report of the Referee and directs its publication in the official reports

of this Court. Accordingly, this Court does now adjudge the respondent guilty of contempt of the Supreme Court of Colorado and orders that he be sentenced to a term of thirty days in the County Jail of the City and County of Denver, said sentence, however, to be suspended until further order of this Court on the condition that he refrain from in any manner engaging in the practice of law in this State, and it is the further order of this Court that respondent pay a fine in the amount of one hundred dollars ($100) into the registry of this Court, together with costs incurred in this proceeding in the amount of $560.60, said fine and costs to be paid within thirty days.